2014 UT App 49

**Chris E. McCORMICK, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20131012–CA.

Court of Appeals of Utah.

March 6, 2014.

---

Chris E. McCormick, Appellant Pro Se.

Before Judges J. FREDERIC VOROS JR., MICHELE M. CHRISTIANSEN, and JOHN A. PEARCE.

Decision

PER CURIAM:

¶ 1 Chris E. McCormick appeals the district court's dismissal of his petition for post-conviction relief as frivolous. This matter is before the court on its own motion for summary disposition on the basis that the grounds for review are too insubstantial to merit further proceedings and review.

¶ 2 McCormick alleged in his petition for post-conviction relief that his guilty plea was not knowing and voluntary. Further, he asserted that he received ineffective assistance of counsel. The district court determined that the claims were "frivolous on their face because they do not support a claim for relief as a matter of law and have no arguable basis in fact." We review the dismissal of a petition for post-conviction relief for correctness, granting no deference to the district court. *See Gardner v. State,* 2010 UT 46, ¶ 55, 234 P.3d 1115. "With respect to any ineffectiveness claim, a defendant must first demonstrate that counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment. Second, the defendant must show that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *State v. Litherland,* 2000 UT 76, ¶ 19, 12 P.3d 92 (citations omitted).

¶ 3 The district court correctly determined that McCormick failed to plead facts that would support a claim for relief as a matter of law. First, in his petition McCormick asserted that his plea was not

voluntary and knowing, because his counsel acted ineffectively by indicating to McCormick that by pleading guilty, he would probably only spend a few days in jail. McCormick could not prevail on this claim because the Statement in Support of the Guilty Plea clearly informed McCormick that he could be sentenced to the maximum penalty allowed by law. Further, the Statement indicated that the district court was not obligated to follow the parties' recommendations. Thus, regardless of his attorney's suppositions about the possible sentence, McCormick was put on notice that the sentence could be greater than what his attorney expected. Similarly, McCormick alleged that his counsel was ineffective because the attorney was being investigated by the Utah State Bar and eventually lost his license. However, that information alone is insufficient to demonstrate ineffective assistance of counsel. McCormick made no allegations concerning the quality of the attorney's work or the attention that was paid to McCormick's case. Further, McCormick made no allegations that tied the bar action against the attorney to the decision to enter a negotiated plea. Accordingly, McCormick failed to set forth any facts that, if true, could support a claim for relief that his plea was not knowing and voluntary due to the ineffectiveness of his counsel.

¶ 4 Finally, McCormick argues that counsel who represented him at sentencing was ineffective for failing to reference certain mitigating factors, as well as the Presentence Investigation Report's (PSI) recommendation that McCormick be sentenced to probation. The district court noted that the PSI, which was attached to the petition, contained all of the mitigating factors McCormick claimed that his counsel failed to emphasize. Further, the district court stated that it had thoroughly reviewed the PSI prior to sentencing and had taken into account all of the mitigating information and the PSI's recommendation before sentencing. Accordingly, the district court correctly concluded that the claim failed as a matter of law because the facts set forth in McCormick's petition failed

to demonstrate that he was prejudiced by his counsel's actions.

¶ 5 Affirmed.